# Keahon, Fleischer & Ferrante
### ATTORNEYS AT LAW
1393 VETERANS MEMORIAL HIGHWAY - SUITE 312 NORTH
HAUPPAUGE, NY 11788
WWW.KEAHONLAW.COM

William J. Keahon
Craig J. Fleischer
Joseph J. Ferrante

TELEPHONE: (631) 361-5360
TELECOPIER: (631) 361-5365
Keahonpc@hotmail.com

November 27, 2018

By ECF
Honorable Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
Central Islip, New York  11722

                              Re: *United States of America v. Victor Nunez Tavarez*
                                      *Criminal No. 17-300 (JS)*

Dear Judge Seybert;

      This letter is respectfully submitted on behalf of Victor Tavarez, who will be sentenced by Your Honor on November 29, 2018.  On January 5, 2018, Mr. Tavarez pled guilty to count two of a five-count indictment.  He took part in a scheme to defraud the SNAP program with social services.  He took full responsibility for his actions, however, I still have my doubts that he truly understood his actions and their consequences.  But ignorance is no defense and Victor will regret his decisions for a long time.  He was no leader and he was no mastermind, but he knows what he took part in was wrong and he stands before the court asking for a chance to make something more of himself.

      It is respectfully requested that the court consider the relevant sentencing factors enumerated in **§3553** and determine the appropriate sentence to be imposed herein.  See, United States v Booker, 543 U.S. 220 (2005), & 18 U.S.C. §3553].[1]

---

[1] Section 3553 provides, in pertinent part;

Imposition of a sentence

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

A. **Sentencing Proposal**

I believe that the PSR incorrectly calculated the loss amount and the addition of an extra four points and I also believe the government will agree with me. That issue will be addressed at sentencing.

Based on the correct guidelines figure, we respectfully request this Honorable Court to sentence Victor Tavarez to one year of probation.

B. **Personal Characteristics and Statutory Factors (18 U.S.C. §3553).**

There is no question that the offense herein is serious and one which society has an abiding interest in preventing. Indeed, **§3553** specifically provides for considerations like the seriousness of the offense, the need for adequate punishment, the need to protect the public from these crimes generally and from this defendant. It is respectfully submitted that a year of probation is "sufficient but not greater than necessary to accomplish those goals."

Since being assigned to represent Mr. Tavarez I have had an opportunity to spend many hours with him. He is a kind and thoughtful young man. After we carefully reviewed the evidence in the case, Mr. Tavarez saved the government time and resources by taking full responsibility for his role.

---

(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentence and the sentencing range established for--
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
     (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
     (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or
   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
 (5) any pertinent policy statement--
   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.

      Victor turned 25 on November 8th.  He has been wearing an ankle monitor for the past seventeen months.  In a matter of speaking, he has had plenty of rope to hang himself with but he did not.  His pretrial release has essentially been 17 months of probation.  With another year he will have been on probation for nearly 30 months.

### C.   Conclusion

      Mr. Tavarez in no way disputes his role in this offense.  He has suffered from this episode and so has his family.  This was simply a tremendous lapse of judgment and perhaps something beyond his knowledge and comprehension.  It was a wakeup call to the realities of life.  Victor is a young man and still has a long life ahead of him.  He is a good kid.  Everyone who comes in contact with him likes him and wants the best for him.  He has made great strides since we met.  He has also stumbled.  But they are the stumbles of many young people today, not the stumbles of a criminal searching for a new crime.  I truly believe he would never have participated in this situation if he had been given more information and better advice.  I had high hopes that he could complete the SOS program and so did he.  He was not able to, but I think he still gained a great deal of knowledge and perspective from his time there.  He will now have a felony conviction on his record and his road will be tougher in life.

      Based upon the foregoing, it is respectfully requested that this Honorable Court sentence Mr. Tavarez to one year of probation.  I believe based on all of the circumstances that it is sufficient but not greater than necessary to serve the ends of justice and allow Victor a chance to lessen the stigma of this conviction and gain the confidence he needs to follow his dreams in the future.

      Thank you for your courtesy and consideration.

      Respectfully submitted,

      *Joseph Ferrante*

      _____

      Joseph Ferrante


Cc:   Mark Misorek
      Assistant United States Attorney